**UNITED STATES v. 62 CASES, MORE OR LESS, CONTAINING SIX JARS OF JAM (PURE FOOD MFG. CO., claimant).**

Civ. No. 1464.

United States District Court
D. New Mexico.

Sept. 14, 1949.

736

Everett M. Grantham, United States Attorney, Albuquerque, New Mexico, and Albert H. Clancy, Assistant United States Attorney, Santa Fe, New Mexico, for the United States.

Wilson & Whitehouse, Albuquerque, New Mexico, and Ireland & Ireland, and Benjamin F. Stapleton, Denver, Colorado, for claimant Pure Food Mfg. Co.

HATCH, District Judge.

The facts in this case are not in serious dispute. Practically all the findings made are based upon the agreements of counsel.

Briefly, it may be stated that the article of food in question is an imitation jam. Jam is an article of food for which definitions and standards have been established.

The question involved is mainly one of law. The government asserts that an article of food for which definitions and standards have been established cannot lawfully be imitated and sold as an imitation of such article of food, even though such imitation is properly labeled as an imitation.• The contentions of the government are based upon Section 343(g), Title 21 United States Code Annotated. This interpretation of subsection (g) completely ignores subsection (c). The statute reads in part as follows:

"Section 343. *Misbranded food.* A food shall be deemed to be misbranded
* * *

*"Imitation of another food*

"(c) If it is an imitation of another food, unless its label bears, in type of uniform size and prominence, the word 'imitation' and, immediately thereafter, the name of the food imitated."

It will be observed that subsection (c) contains no exception of an article of food for which definitions and standards have been established. It plainly and clearly states an article to be misbranded "if it is an imitation of another food". The product in question is an imitation of another food. It does not pretend to be anything else. Subsection (c) continues, "unless its label bears, in type of uniform size and prominence, the word 'imitation' and, immediately thereafter, the name of the food imitated." Again, the article involved meets this as well as every other requirement of this subsection. The language is unequivocal, without exceptions, and is not obscured in doubt or ambiguity, unless there is read into it language and meaning not now therein contained.

Any person reading subsection (c) and even in connection with subsection (g) would reasonably come to the conclusion that if the imitation of another food has a label bearing, in type of uniform size and prominence, the word "imitation" and immediately thereafter the name of the food imitated, such food so labeled would not be misbranded. Acting under such apparently reasonable interpretation of the language of subsection (c), the manufacturer has made and sold this article for years without any intent to violate the law. Claimant has sought to comply fully with every command of the statute. It is unnecessary to say that citizens have the right to rely upon the laws of the land as they are written and as reasonably interpreted. They should not be subjected to the hazards of administrative or judicial interpretation, extending restrictions of the law far beyond the plain meaning of the language used.

If the law-making branch of government desires this particular statute to be given the construction for which the government contends, it would be a simple matter to insert in subsection (c) an exception as to food for which definitions and standards have been established. No such appropriate language, indicating the legislative intention to make it impossible to imitate an article of food for which definitions and standards have been established, appears in subsection (c).

737

If subsection (c) is to be amended to prevent imitation of an article of food for which definitions and standards have been established, the same should be done by legislative action in clear language easily read and understood by citizens, such as the claimant in this action, who seek only to know the mandates of the statute in order that they may comply with the same. Such an extension of language should never be made by administrative action or judicial construction.

Appropriate orders dismissing the libel and ordering the restoration of the articles seized may be prepared and entered.